IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>GERALD C. BRYCE,<br><br>     Defendant. | 4:14-CR-3117<br><br>TENTATIVE FINDINGS |

   The Court has received the revised presentence investigation report in this case. The defendant has filed a motion for variance (filing 18) and an objection to the presentence report (filing 19).

   IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a "motion for a variance or departure," (filing 18) that the Court considers primarily to be a motion for variance based upon his personal circumstances.[1] To the extent that the defendant asks for a departure for his "early acceptance of responsibility," filing 20 at 2-3, his argument is without merit: the provision relied upon by the defendant, U.S.S.G. § 5K3.1, only permits a departure upon the government's motion "pursuant to an early disposition program" authorized by the Attorney General. *See, generally, United States v. Jimenez-Perez*, 659 F.3d 704, 706 (8th Cir. 2011) (describing "fast-track" early disposition programs). To the extent, however, that the defendant is asking for a variance pursuant to § 3553(a), the Court will resolve his motion at sentencing.

3. The defendant has also filed an objection (filing 19) to the presentence report's application of a two-level increase in the offense conduct for abuse of a position of trust or use of a special skill. *See* U.S.S.G. § 3B1.3. The defendant argues that he simply sold insurance policies and misappropriated his clients' funds, which involved neither a position of trust nor a special skill. Filing 20 at 4-5.

    The defendant's argument has some weight as to his use of a "special skill." Even if being an insurance agent involved a "special skill," the defendant's crime did not rely on that expertise—rather, he simply took money that was meant for the payment of insurance premiums and diverted it to other purposes. He did not, for instance, use any special

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

knowledge of the insurance industry to facilitate insurance fraud. *Compare United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990). There is little in the presentence report to suggest that any special skill of the defendant aided him in the commission of the offense. *Compare United States v. Bush*, 252 F.3d 959, 962 (8th Cir. 2001).

But § 3B1.3 also applies if the defendant "abused a position of public or private trust." And the Eighth Circuit has held, in circumstances comparable to those of this case, that the abuse-of-trust enhancement was properly applied. *See, United States v. Anderson*, 349 F.3d 568, 573-74 (8th Cir. 2003); *United States v. Baker*, 200 F.3d 558, 563-64 (8th Cir. 2000); *see also, United States v. Miell*, 661 F.3d 995, 998-99 (8th Cir. 2011); *United States v. Fiorito*, 640 F.3d 338, 351-52 (8th Cir. 2011). An ordinary commercial relationship does not constitute a trust relationship sufficient to invoke the abuse-of-trust enhancement, *see United States v. Hayes*, 574 F.3d 460, 479-80 (8th Cir. 2009), but the enhancement does apply to a position that is characterized by professional discretion, where an individual makes himself particularly vulnerable by entrusting another with substantial authority and discretion to act on his behalf. *Id.* at 479; *see Miell*, 661 F.3d at 998.

Nonetheless, because the defendant has objected, the Court will require the government to prove at sentencing, by a preponderance of the evidence, that the abuse-of-trust enhancement applies. *See Miell*, 661 F.3d at 998. Specifically, the government must show that the defendant occupied a position of private trust and used this position in a manner that significantly facilitated the commission or concealment of the offense. *Id.* The Court will resolve the defendant's objection at sentencing based upon the evidence presented.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

      submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of January, 2015.

                    BY THE COURT:

                    *John M. Gerrard* (signature)
                    John M. Gerrard
                    United States District Judge